UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN

HOWARD MADDEN,
    Plaintiff,
-vs.-                                      **DEMAND FOR JURY TRIAL**

NCO FINANCIAL SYSTEMS, INC.
    Defendant.
_____

## COMPLAINT & JURY DEMAND

Plaintiff, Howard Madden, through counsel, Nitzkin and Associates, by Gary Nitzkin states the following claims for relief:

## JURISDICTION

1. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

2. This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims.

## PARTIES

3. The Defendant to this lawsuit is NCO Financial Systems, Inc. which is a Pennsylvania corporation, doing business in Oakland County, MI.

1

## VENUE

4. The transactions and occurrences which give rise to this action occurred in Oakland County, MI.

5. Venue is proper in the Eastern District of Michigan.

## GENERAL ALLEGATIONS

6. Defendant is attempting to collect on a consumer type debt allegedly owed to Citibank on a credit card.

7. Defendant is calling Plaintiff about two to three times a day, between his home and cell phone.

8. Around August 2010, Plaintiff made payment arrangements with Defendant to pay $75.00 a month on this debt.

9. Sometime between August and November 2010, Defendant told Plaintiff that they were turning the debt back over to Citibank, the original creditor on the debt. They never did.

10. In November 2010, after about three months of paying this $75.00 per month, Defendant demanded an increase in the Plaintiff's monthly payments to $100.00 per month.

11. Plaintiff spoke with a "Carol" at the Defendant's offices, who threatened to file a lawsuit against Plaintiff if he refused the Defendant's demand to increase his monthly payment. He started making these payments in fear that there would be a lawsuit filed.

12. Near the end of April 2011, Carol called Plaintiff in an attempt to collect a payment. She heard Plaintiff's wife in the background and said to Plaintiff, "Tell your wife to shut up.

13. During the week of May 2, 2011, Plaintiff called Defendant and told its representative that he closed his checking account and said he cannot afford the $100.00 per month payments anymore. He asked to pay $50.00 per month.

14. On or about May 11, 2011, Carol called Plaintiff asking for payment. Plaintiff told her again that he closed his checking account. She said "You're a liar! You still have your checking account."

15. Defendant is currently calling Plaintiff.

16. The Plaintiff has suffered damages as a result of these violations of the FDCPA.

## COUNT I - FAIR DEBT COLLECTION PRACTICES ACT

17. Plaintiff reincorporates the preceding allegations by reference.

18. At all relevant times Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

19. Plaintiff is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

20. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

21. Defendant's foregoing acts in attempting to collect this alleged debt violated 15 U.S.C. §1692 et. seq;

22. The Plaintiff has suffered damages as a result of these violations of the FDCPA.

## COUNT II - VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE

23. Plaintiff incorporates the preceding allegations by reference.

24. Defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

25. Plaintiff is a debtor as that term is defined in M.C.L. § 339.901(f).

26. Defendant's foregoing acts in attempting to collect this alleged debt violated MCL §339.915

27. Plaintiff has suffered damages as a result of these violations of the Michigan Occupational Code.

28. These violations of the Michigan Occupational Code were willful.

## COUNT III - VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT

29. Plaintiff incorporates the preceding allegations by reference.

30. Defendant is a "Regulated Person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at MCL § 445.251.

31. Plaintiff is a "Consumer" as that term is defined at MCL § 445.251.

32. Defendant's foregoing acts in attempting to collect this alleged debt violated MCL §445.252

33. Plaintiff has suffered damages as a result of these violations of the MCPA.

34. These violations of the MCPA were willful.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

## DEMAND FOR JUDGMENT FOR RELIEF

Accordingly, Plaintiff requests that the Court grant him the following relief against the defendant:

a. Actual damages.

b. Statutory damages.

c. Treble damages.

d. Statutory costs and attorney fees.

Respectfully submitted,

May 19, 2011

/s/ Gary Nitzkin
GARY D. NITZKIN  P41155
MICHIGAN CONSUMER CREDIT LAWYERS
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48034
(248) 353-2882
Fax (248) 353-4840
Email – gary@micreditlawyer.com

5